## C. J. MEEKER & Co. v. O. KLEMM.

Liability for contribution to a general average rests upon the broad and equitable principle that no one shall enrich himself at another's expense.

The measure of each person's contributory share to a general average should be regulated proportionally by the extent to which each of the contributing parties has been benefited by the sacrifice.

A usage regulating the enforcement of an obligation which violates the principle on which the obligation itself is based, and without which it would not exist at all, cannot be maintained.

The valuation of a ship or vessel in a policy of insurance, when disputed and discredited by evidence creating a reasonable probability of its incorrectness, cannot be assumed as an arbitrary basis in an apportionment for a general average contribution.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Benjamin, Bradford & Finney*, for plaintiffs. *Maybin*, for defendant and appellant.

LEA, J. The sole question for solution in this case is, whether, in a contribution for a general average loss, the ship, for the purposes of contribution, is to be estimated at her actual value, as ascertained by appraisement, or at the valuation fixed in the policy of insurance. If we refer to the principle upon which a liability for contribution to a general average loss is based, we find that it rests upon the broad and equitable doctrine that no one shall enrich himself at another's expense: "Where, by a sacrifice, deliberately made, of the property of one of the parties concerned in an adventure for the benefit of the other parties interested, whereby his loss is directly converted to their gain, it is but just that those ' whose property has been saved by the sacrifice should contribute to place the owner who has sustained the loss in the same condition in which he would have been if, not his property, but that of another, had been sacrificed.' " See Stevens & Bennecke on Insurance, page 227. And this doctrine carries with it another as its natural sequence—to wit, that the measure of each person's contributory share should be regulated proportionally by the extent to which each of the contributing parties has been benefited by the sacrifice : "Qui sentit commodum debet sentire et onus." It is an obligation not based upon contract, but one resting upon natural equity.

It may be conceded, at least for the purposes of argument, that the witnesses have established a custom, general though not universal, in the adjustment of general averages in the maritime cities of this country, to adopt the valuation of the ship in the policy of insurance as the contributory value, instead of the actual or appraised value. Granting the existence of such a usage, how far is it binding upon those who do not choose to acquiesce in such a rule of apportionment?

No doubt the valuation in the policy furnishes, as a general rule, a safe and convenient basis of apportionment, because it happens generally to be about the true value of the vessel to the owners, and for this reason the assumption of this basis has been generally acquiesced in. In the case at bar, however, it is shown conclusively that the valuation in the policy is far beyond the true value of the vessel. Now, a usage regulating the enforcement of an obligation which violates the principle upon which the obligation itself is based, and without which it would not exist at all, cannot be maintained. The valuation in the policy is binding only between the parties to the contract of insurance; and though, as Mr. Bennecke observes, "when *there is no reason to doubt its correctness,* it is frequently the best guide for determining the contributory interest." Yet it by no means follows that it is an exclusive guide not open to contradiction. In the case at bar there is not only reason to doubt its correctness, but it is clearly proved to be an incorrect valuation. Our researches have not enabled us to find a single case in which the valuation in the policy, when *proved to be incorrect,* was arbitrarily substituted for the known and appraised value as the basis of contribution.

We have been referred to several decisions of the courts of New York and Pennsylvania, as establishing the *lex marcatoria* on the subject in the two leading commercial States of the Union.

We find nothing in these decisions to justify the confidence with which they have been quoted as supporting the doctrine contended for on the part of the defendant. In the case of *Leavenworth* v. *Delafield,* 1st Caines, 373, the court expressly say that the contribution should be apportioned by a calculation based upon the *actual value* of the ship at the port of departure, less one-fifth for ordinary wear and tear, exclusive of outfits, *without regard to the valuation in the policy.*

In the case of *Gray* v. *Waler,* 2d Sargeant & Rawle, 229, cited as the case which presses with most force upon the point, the charge of the court to the jury, which was sustained by the Supreme Court, was, "that the value of the vessel was to be estimated according *to what she was worth* when she sailed from her port of departure, making a reasonable allowance for any deterioration she might have suffered by wear and tear up to the time when the loss took place."

The statement of the case shows that an assessment of the value of the ship was made by the jury, upon data supplied by the evidence. In the case at bar the vessel was appraised immediately after her return from the Brazos—she having experienced no disaster after the termination of the voyage on which the jettison occurred. Giving effect to the valuation in the policy as *prima facie* evidence, we think the appraisement made by competent experts, which stands uncontradicted, together with the remarkable difference between this appraisement and the valuation in the policy, sufficiently establish the incorrectness of the latter as a basis for a computation of general average contribution. We wish,

14

MEEKER
*r.*
KLEMM.

however, to be understood as deciding only that a valuation of a ship or vessel in a policy of insurance, when disputed and discredited by evidence creating a reasonable probability of its incorrectness, cannot be assumed as an arbitrary basis in an apportionment of general average contribution.

It is ordered that the judgment appealed from be affirmed.